# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATALIE COOK and MICHAEL A.<br>PEREZ, individually and for all others<br>similarly situated, | )<br>)<br>) | Case No. 15-cv-7718 |
| | ) | |
| Plaintiffs, | )<br>) | Judge Sharon Johnson Coleman |
| v. | )<br>)<br>) | |
| BANK OF AMERICA, N.A. and BANK<br>OF AMERICA CORPORATION, | )<br>)<br>) | |
| Defendants. | )<br>) | |

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

1.      This Joint Stipulation of Settlement and Release (the "Settlement Agreement") is made and entered into by and between Plaintiffs Natalie Cook and Michael Perez (collectively, the "Plaintiffs" or "Class Representatives"), on behalf of themselves and all members of the "Plaintiff Class" as defined herein, on the one hand, and Defendants Bank of America, N.A. and Bank of America Corporation (collectively, "Defendants" or the "Bank"), on the other hand.

2.      The Class Representatives, the Plaintiff Class, and Defendants are referred to collectively herein as the "Parties."

3.      "Class Counsel" means James B. Zouras, Ryan F. Stephan and Catherine Mitchell of Stephan Zouras, LLP.

4.      "Defendants' Counsel" means Michael D. Mandel and Brian Spang of McGuireWoods LLP.

5.      "FLSA Class Members" means all current and former Treasury Services Senior Advisors and Treasury Services Advisors employed by Defendants nationwide (excluding California) from September 14, 2012 through and including the date the Court enters an Order preliminarily approving the terms and conditions of this Settlement Agreement.

6.      "Rule 23 Class Members" means all current and former Treasury Services Senior Advisors and Treasury Services Advisors employed by Defendants in the State of Illinois from September 14, 2012 through and including the date the Court enters an Order preliminarily approving the terms and conditions of this Settlement Agreement.

7.      "Plaintiff Class" or "Plaintiff Class Members" means and refers collectively to the FLSA Class Members and the Rule 23 Class Members.

8.      "Settlement Class" or "Settlement Class Members" means all FLSA Class Members who timely consent to join the Lawsuit and/or Rule 23 Class Members who have not timely opted-out of the settlement described in this Settlement Agreement and who have instead timely submitted a claim on a properly-completed Claim Form (as defined below) before the Claim Deadline (as defined below).

## BACKGROUND AND OVERVIEW OF SETTLEMENT

9.      On September 1, 2015, Class Representatives filed a putative class and collective action Complaint against Defendants in the United States District Court for the Northern District of Illinois, Case No. 15-cv-7718 therein, which is pending before the Honorable Sharon Johnson Coleman (the "Lawsuit").

10.     On October 20, 2015, Class Representatives filed a First Amended Complaint ("FAC") against Defendants in the Lawsuit.

11.     In the Lawsuit, Class Representatives allege claims for (1) overtime wages pursuant to the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and (2) overtime wages pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§ 105 *et seq.* The gravamen of Class Representatives' allegations are that Defendants misclassified them, and all similarly-situated individuals, as "exempt" from overtime and related requirements under the FLSA and Illinois state law.

12.     The Lawsuit seeks certification of a putative FLSA collective action consisting of "[a]ll individuals who currently work, or have worked, for the Defendants as a Treasury Services Advisor, Treasury Services Senior Advisor, or any other similarly titled position during the applicable statute of limitations period and performed overtime work without receiving all wages owed for such work." The Lawsuit also seeks certification of a putative Fed. R. Civ. P. Rule 23 ("Rule 23") class of "[a]ll individuals who currently work, or have worked, for the Defendants as a Treasury Services Advisor, Treasury Services Senior Advisor, or any other similarly titled position, in the state of Illinois during the applicable statute of limitations period and performed overtime work without receiving all wages owed for such work."

13.     The Parties engaged in extensive informal exchanges of documents and information, including data regarding the Plaintiff Class members' workweeks and salaries.

14.     On January 27, 2016, the Parties participated in a private mediation with David Rotman, Esq. At the conclusion of the mediation, no settlement was reached, but the mediator made a proposal for a settlement of the Lawsuit. On February 3, 2016, the mediator modified the proposal. On February 8, 2016, the Parties accepted the terms of the modified mediator's proposal.

15.     The Parties intend to fully, finally, and forever settle, compromise, and discharge all disputes and claims that were raised in the Lawsuit, including but not limited to requests for legal or equitable relief that have been asserted by Class Representatives on behalf of themselves and on behalf of members of the Plaintiff Class.

16.     The Parties expressly acknowledge that nothing in this Settlement Agreement, nor the fact of the Settlement Agreement itself, shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing of any kind by Defendants, nor shall it constitute an admission on behalf of Defendants of any fact or allegations against them, including any allegation that this matter is suitable for class or collective treatment. Defendants specifically deny any liability.

17.     The Parties intend that this Settlement Agreement shall include a full and complete release of the claims asserted in the Lawsuit on behalf of the Plaintiff Class relating to the classification of Treasury Services Advisors and Treasury Services Senior Advisors as "exempt" from overtime under Illinois and federal law, and/or any claim for relief relating to nonpayment of overtime wages and related penalties, releasing Defendants and all of their present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers and successors and assigns.

18.     Class Counsel represent that they have conducted a thorough investigation into the facts of the Lawsuit, and have diligently pursued an investigation of the claims of the Plaintiff Class against Defendants. Based on their own independent investigation and evaluation and all known facts and circumstances, including the risk of defenses asserted by Defendants regarding class certification and the merits of the claims, Class Counsel are of the opinion that the settlement with Defendants is fair, reasonable, adequate, and in the best interest of the Plaintiff Class.

19.     Defendants deny that they have violated the law in any manner alleged in the Lawsuit. Nonetheless, Defendants have concluded that further litigation of the Released Claims encompassed by this Settlement Agreement would be protracted and expensive, and would also divert management and employee time. Defendants have taken into account the uncertainty and risks inherent in litigation and have, therefore, concluded that it is desirable that the claims in the Lawsuit be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants or as an admission that a class should be certified for any purpose other than settlement purposes.

20.     The Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this settlement, to effectuate all aspects of this Settlement Agreement.

21.     The total settlement fund payment under this Settlement Agreement, including, without limitation, the payments to the Settlement Class, Class Counsel's attorneys' fees and costs, any enhancement awards for the Class Representatives awarded by the Court, and all costs associated with administering the settlement is Three Million Two Hundred Fifty Thousand Dollars ($3,250,000) ("Gross Settlement Fund").

22.     The amount remaining after deducting from the Gross Settlement Fund the amount of payment to the Class Counsel's attorneys' fees and costs, any enhancement award for the Class Representatives awarded by the Court, and all costs associated with administering the

settlement shall be referred to as the "Net Settlement Fund." As described further below, all payments to the Settlement Class shall be from the Net Settlement Fund.

## CERTIFICATION OF THE PLAINTIFF CLASS
## FOR SETTLEMENT PURPOSES ONLY

23. The Parties enter into this Agreement on a conditional basis. This Settlement Agreement will become final and effective only upon the occurrence of all of the following events: (i) the Court entering an order granting preliminary approval of the Settlement Agreement; (ii) the Court entering an order granting final approval of the Settlement reflected in the Agreement; and (iii) the occurrence of the Effective Date, as defined in Paragraph 26(g) below. Unless the Court orders otherwise, this Agreement shall be deemed null and void *ab initio* upon the failure of any of these three conditions to occur.

24. For settlement purposes only, the Parties agree that the Plaintiff Class shall be conditionally certified. If the Court denies the preliminary approval of this Settlement Agreement, Defendants retain the right to contest whether the Lawsuit should be maintained as a class or collective action and to contest the merits of the claims being asserted in the Lawsuit.

25. This Settlement Agreement is contingent upon the approval and certification by the Court of the Plaintiff Class for settlement purposes only. Defendants do not waive, and instead expressly reserve, their rights to challenge the propriety of class certification for any purpose should the Court not approve the Settlement Agreement. In connection with the proposed certification of the Plaintiff Class, the Parties shall cooperate and present to the Court for its consideration competent evidence, as may be requested by the Court, under the applicable due process requirements and standards for class certification.

## SETTLEMENT APPROVAL PROCEDURE

26. This Settlement Agreement will become final and effective upon occurrence of all of the following events described in the following sub-paragraphs (a) – (g), inclusive:

    a. Execution of this Settlement Agreement by the Parties and their respective counsel of record.

    b. Submission of the Settlement Agreement to the Court for preliminary approval.

    c. Entry of an order by the Court (1) granting preliminary approval of the Settlement Agreement, including conditional certification of the Plaintiff Class for settlement purposes only, (2) appointing Class Counsel; (3) appointing the Class Representatives for the Plaintiff Class; and (4) appointing a Claims Administrator. The parties agree to use Rust Consulting as Claims Administrator in this matter.

    d. Court approval of the form and content of a Notice of Pendency of Class Action, Proposed Settlement and Hearing Date ("Class Notice") advising the members of the Plaintiff Class of material terms and provisions of this

Settlement Agreement, the procedure for approval thereof, and their rights with respect thereto, as well as a Claim Form and Consent Form. The parties propose the Illinois Class Notice attached as Exhibit A, the FLSA Collective Notice attached as Exhibit B, the Illinois Claim Form attached as Exhibit C and the FLSA Consent Form attached as Exhibit D.

    e.   Filing by Class Counsel, on or before the date of the final approval hearing, the Claims Administrator's verification, in writing, that the Class Notice to the Plaintiff Class Members has been disseminated in accordance with the Court's order.

    f.   Entry of an order by the Court granting final approval of the Settlement Agreement and entering judgment thereon.

    g.   Occurrence of the "Effective Date," which is defined as: (a) If no objections to the settlement are filed, the date of final approval of the settlement by the Court; (b) If objections to the settlement are filed and overruled and no appeal is taken of the final approval order, thirty one (31) days after the Court enters final approval; or (c) If any appeal is taken from the Court's overruling of objections to the settlement, the later of twenty (20) days after the appeal is withdrawn or twenty (20) days after an appellate decision affirming the final approval decision becomes final.

    27.    As soon as practicable after this Settlement Agreement has been signed by all parties and their counsel, Class Counsel shall move the Court for preliminary approval of this settlement, and request an order:

    a.   Conditionally certifying the Plaintiff Class;

    b.   Preliminarily approving this Settlement as fair, reasonable, and adequate;

    c.   Preliminarily appointing and approving Plaintiffs as Class Representatives;

    d.   Preliminarily appointing and approving James B. Zouras, Ryan F. Stephan and Catherine Mitchell of Stephan Zouras, LLP as Class Counsel;

    e.   Preliminarily appointing and approving Rust Consulting as the Claims Administrator;

    f.   Approving the procedure for sending notice to the members of the Plaintiff Class as set forth in this Settlement Agreement;

    g.   Approving the Class Notice to be sent to the Rule 23 Class Members in substantially the same form as Exhibit A to this Agreement, or as modified by the Court;

    h.   Approving the FLSA Collective Notice to be sent to the FLSA Class Members in substantially the same form as Exhibit B to this Agreement, or as modified by the Court;

    i.   Approving the Illinois Claim Form to be sent to the Rule 23 Class Members in substantially the same form as Exhibit C to this Agreement, or as modified by the Court;

    j.   Approving the FLSA Consent Form to be sent to the FLSA Class Members in substantially the same form as Exhibit D to this Agreement, or as modified by the Court;

    k.   Authorizing the Claims Administrator to mail the approved Class Notice, Claim Form, Collective Notice, and/or Consent Form to the Plaintiff Class Members.

28.    Class Counsel shall prepare and provide Defendants' counsel with no less than three court days to review, provide comments to, and otherwise approve the motion for preliminary approval of the settlement before the motion and supporting papers are filed with the Court.

29.    Class Counsel shall be responsible for ensuring that at least the following documents are filed with the Court in advance of the final approval hearing so that the Court will have a sufficient basis upon which to evaluate and approve the Settlement:

    a.   A final report by the Claims Administrator providing details regarding the execution of the approved notice process, the rate (if any) of opt-outs and objections, and other information vital to the Court's assessment of the fairness of the Agreement at the final approval hearing;

    b.   A duly-noticed motion, accompanying memorandum of points and authorities prepared by Class Counsel (and approved by Defendants' counsel), and such other pleadings, evidence, or other documents as may be necessary for the Court to determine that the settlement documented by this Settlement Agreement is fair, adequate and reasonable;

    c.   A [Proposed] Order for the Court's signature (i) finally approving the Settlement Agreement as being fair, adequate and reasonable; (ii) permanently enjoining all of the Settlement Class Members who do not timely exclude themselves from the Settlement Agreement from pursuing, or seeking to reopen, any Released Claims against any Released Parties; (iii) dismissing the Lawsuit with prejudice and entering Judgment consistent with this Settlement Agreement so as to permanently bar all Settlement Class Members from prosecuting against Releasees each of the Released Claims, as defined in Paragraphs 65 and 66, below; and (iv) providing for the continuing jurisdiction of the Court to enforce the settlement.

      d.  A [Proposed] Judgment and Notice of Entry of Judgment (collectively, "Judgment").

30.    Class Counsel shall provide Defendants' counsel with no less than three court days to review, provide comments to, and otherwise approve the motion for final approval of the Settlement, [Proposed] Order, and Judgment thereon before the motions and supporting papers are filed with the Court.

### SETTLEMENT PAYMENT AND CALCULATION OF CLAIM

31.    In consideration of the mutual covenants and promises set forth herein, the Parties agree, subject to the Court's approval, as follows:

32.    Without admitting any liability whatsoever, Defendants will settle the claims of the Plaintiff Class released by this Settlement Agreement by depositing, within (15) days of the Effective Date of the Settlement, an amount up to the maximum amount of the Gross Settlement Fund into a qualified settlement fund, which shall be established and administered by the Claims Administrator (the "Qualified Settlement Fund"). Any interest accrued on this deposit shall be retained by Defendants. If final approval of the settlement is reversed on appeal, then Defendants shall be entitled to prompt return of the principal and all interest accrued. No money shall be distributed from the Qualified Settlement Fund unless and until the Effective Date occurs.

33.    All amounts paid as part of this Settlement Agreement shall be paid out of the Qualified Settlement Fund. These amounts shall include (1) all payments to Settlement Class Members under this Settlement Agreement; (2) any enhancement payments to the Class Representatives; (3) any and all costs of administering the settlement; (4) Class Counsel's Attorneys' Fees and Costs as approved by the Court; and (5) any other amounts required to be paid under this Settlement Agreement. Defendants shall have no obligation under this Settlement Agreement to make any payment whatsoever beyond its obligation to make payments to the Qualified Settlement Fund in an amount equal to the designated Gross Settlement Fund, except that Defendants shall separately pay the employer's share of payroll taxes attributable to Individual Settlement Shares paid to Settlement Class Members.

34.    <u>Claims Administration Charges</u>. All costs associated with administering the settlement (the "Claims Administration Charges"), whether foreseen or unforeseen, will be paid from the Qualified Settlement Fund. The Claims Administration Charges for administration of the settlement include, but are not limited to, identification of class members' best address, printing and mailing of the Class Notice, creating and instituting a dedicated settlement website, processing claims, consent forms, disputes, requests for exclusion, and objections in accordance with this Settlement Agreement, calculating preliminary and final payment amounts and tax withholdings for Plaintiff Class Members, responding to inquiries from Plaintiff Class Members, issuing and mailing settlement payments and checks, reasonable efforts to locate Class Members, and preparing any required tax returns and tax reports. Assuming that there is no significant change in the proposed scope of work or size of the class, the Claims Administrator's costs in administering the settlement of this Lawsuit is estimated to be $22,000, and shall be reserved from the Qualified Settlement Fund by the Claims Administrator. Payments to the Claims

Administrator shall be made after the Effective Date. Any unused funds allocated to the Claims Administration Charges shall be paid back into the Net Settlement.

35.     Class Counsel's Attorneys' Fees and Costs. No less than fourteen (14) days before the final approval hearing, Class Counsel will file a motion for an award of reasonable attorneys' fees and reimbursement of reasonable costs. Class Counsel will seek Court approval for payment of attorneys' fees in the amount of up to 33% of the Gross Settlement Fund, or One Million, Seventy Two Thousand and Five Hundred Dollars ($1,072,500.00), plus actual litigation costs, which are currently estimated to be approximately $15,000. Defendants will not oppose an application by Class Counsel for an award of attorneys' fees up to one-third (33%) of the Gross Settlement Fund, nor oppose an application by Class Counsel for an award of actual litigation costs incurred by Class Counsel in connection with the litigation of the Lawsuit, all of which will be paid out of the Gross Settlement Fund. An appropriate 1099 form shall be provided to Class Counsel for such payments. The Parties expressly agree that the Court's approval or denial of any request for attorneys' fees and costs are not material conditions to the Settlement Agreement, and are to be considered by the Court separately from the fairness, reasonableness, adequacy, and good faith of the Settlement. Any order or proceeding relating to the application by Class Counsel for an award for attorneys' fees and costs shall not operate to terminate or cancel this Agreement. Any reduction in Class Counsel's request for fees and costs shall revert to the Net Settlement.

36.     Class Representatives Enhancement. Class Representatives will each seek Court approval for an enhancement payment in an amount not to exceed Fifteen Thousand Dollars ($15,000.00) per Class Representative. This payment is intended to compensate Class Representatives for their efforts on behalf of the Settlement Class, which have substantially benefitted the Settlement Class. Defendants will not oppose Class Representatives' requests for enhancement payments of up to $15,000.00 each (or $30,000 total), to be paid from the Gross Settlement Fund, subject to approval by the Court. The final amount of any enhancement payments awarded to the Class Representatives by the Court shall be binding on the Class Representatives. Any enhancement payments to the Class Representatives will be treated as non-wage payments and reported as such by the Claims Administrator to the appropriate government taxing authorities, with the Class Representatives being solely responsible for paying any and all taxes due on any such payments. The Parties expressly agree that the Court's approval or denial of any request for enhancement payments to the Class Representatives is not a material condition to the Settlement Agreement, and is to be considered by the Court separately from the fairness, reasonableness, adequacy, and good faith of the Settlement Agreement. Any order or proceeding relating to the application by Class Counsel for enhancement awards to Class Representatives shall not operate to terminate or cancel this Agreement. Any reduction in the request for enhancement payments shall revert to the Net Settlement.

37.     Individual Settlement Shares. The gross payment amount to each member of the Settlement Class shall be referred to as their "Individual Settlement Share." In determining the Individual Settlement Shares, the Net Settlement Fund will first be divided pro rata between the FLSA Class and the Rule 23 Class based upon the total active workweeks of the Class Members. The portion of the Net Settlement Fund to be allocated to the FLSA Class will be calculated by multiplying the amount of the Net Settlement Fund by a fraction, the numerator of which will be the sum of the total workweeks attributable to FLSA Class Members and the denominator of

which will be the total workweeks attributable to all Plaintiff Class Members (the "FLSA Class Pro Rata Distribution"). The portion of the Net Settlement Fund to be allocated to the Rule 23 Class will be calculated by multiplying the amount of the Net Settlement Fund by a fraction, the numerator of which will be the sum of the total workweeks attributable to Rule 23 Class Members and the denominator of which will be the total workweeks attributable to all Plaintiff Class Members (the "Rule 23 Pro Rata Distribution"). Individual Settlement Shares will be based on the Settlement Class Member's pro rata share of the applicable pro rata distribution and will be calculated based upon the total number of weeks that the Settlement Class Member was actively employed (i.e., not on a leave of absence) in a relevant position during the relevant time period ("Eligible Workweeks"). More specifically, the Individual Settlement Shares for the FLSA Class Members will be determined by dividing the FLSA Pro Rata Distribution by the total number of Eligible Workweeks for all FLSA Class Members, and then multiplying that figure by each FLSA Class Member's Eligible Workweeks. Similarly, the Individual Settlement Shares for the FLSA Class Members will be determined by dividing the Rule 23 Pro Rata Distribution by the total number of Eligible Workweeks for all Rule 23 Class Members, and then multiplying that figure by each Rule 23 Class Member's Eligible Workweeks.

Data provided by Defendants reveals there are approximately 62,000 total weeks worked by the Plaintiff Class during the applicable time period. This same shows that approximately 22% of the total weeks were worked by the Rule 23 class and 78% of the total weeks were worked by the FLSA class.

38.     The Parties agree that 1/3 of the amount distributed to each member of the Settlement Class will be considered wages and will be subject to employee withholdings required under federal, state and local laws and any other payroll charges required to be paid or deposited with the pertinent federal, state and local taxing agencies, 1/3 of the amount distributed to each member of the Settlement Class will be considered penalties and/or liquidated damages, and will be reported as such to each member of the Settlement Class on an IRS Form 1099, and 1/3 of the amount distributed to each member of the Settlement Class will be considered interest, and will be reported as such to each member of the Settlement Class on an IRS Form 1099. All Parties represent that they have not received, and shall not rely on, advice or representations from other parties or their agents regarding the tax treatment of payments under federal, state, or local law.

39.     No employee benefit provided by Defendants to any Settlement Class Member, including but not limited to any 401(k) benefits, shall increase or accrue as a result of any payment made in accordance with this Agreement.

40.     The Parties are mindful that the total consideration payable hereunder is comprised of a number of separate and distinct claims for damages and penalties by Class Representatives and the Plaintiff Class Members. Accordingly, having considered the matter in detail, having performed their own separate and independent computations and estimation of the damages and penalties potentially awardable to Plaintiffs at trial, and having done the foregoing with complete and satisfactory access to, and advice from, accounting and legal advisors, the Parties mutually consent and agree that the Net Settlement Fund be apportioned among the Class Members' various wage and non-wage claims in this action as set forth above. Moreover, the Parties mutually consent and agree, and hereby represent to the Court in this judicially-

supervised settlement transaction, that the apportionment of the Net Settlement Fund as stated above is a reasonable and arm's length determination of the character of the Individual Settlement Shares for all purposes, including for tax purposes.

## APPOINTMENT OF CLAIMS ADMINISTRATOR

41.     The Parties have agreed, subject to the Court's approval, to the appointment of Rust Consulting to perform the duties of a Claims Administrator for the purposes of verifying any amounts due to Settlement Class Members as described in this Settlement Agreement. The Claims Administrator will administer disbursements from the Gross Settlement Fund paid by Defendants into the Qualified Settlement Fund, including, but not limited to, distributing the Class Notice, calculating Individual Settlement Shares, calculating the employee's share of payroll tax, calculating interest owed, preparing and issuing all disbursements to be paid to Class Members, Class Counsel, the LWDA, and the local state and federal payroll tax authorities, and handling inquiries and/or disputes about the calculation of the Settlement Awards. The Claims Administrator shall be responsible for the timely filing of all federal, state and local tax returns of the Qualified Settlement Fund and making the timely payment of any and all taxes and withholdings required with such returns. The Claims Administrator shall coordinate as necessary with Defendants to report and remit all state and unemployment payroll taxes to the proper agencies. The Claims Administrator shall establish a dedicated settlement website, an email address and toll-free telephone number to direct inquiries regarding the Class Notice and determination of Individual Settlement Shares. All questions by Class Members shall be directed to the Claims Administrator and Class Counsel. All disputes relating to the Claims Administrator's ability and need to perform its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Settlement Agreement, until all payments and obligations contemplated by the Settlement Agreement have been fully carried out. All Claims Administration Charges associated with administering disbursements from the Qualified Settlement Fund including, but not limited to, the fees and costs of the Claims Administrator and the cost of the Class Notice, shall be paid entirely from the Gross Settlement Fund, as set forth in Paragraph 33, above. The Parties expect that the Claims Administrator shall conduct all administration of all disbursements of the Gross Settlement Fund and that Class Counsel shall receive no portion of the Claims Administration Charges paid to the Claims Administrator.

## NOTICE TO THE PLAINTIFF CLASS

42.     Defendants will provide to the Claims Administrator, within ten (10) calendar days of the entry of an order granting preliminary approval of the Settlement Agreement and Class Notice, a database including the following information for each member of the Plaintiff Class: (1) last known address, telephone number and email address, (2) Social Security number, and (3) data pertaining to the number of weeks that each individual was actively working (i.e., not on a leave of absence) in a position as part of the Plaintiff Class (the "Database"). Defendants agree to provide the Database in a format reasonably acceptable to the Claims Administrator. The Claims Administrator will keep the Database confidential, use it only for the purposes described herein, and return it to Defendants upon final approval of the Settlement, or otherwise certify that it has been permanently and irreversibly destroyed. Unless otherwise

agreed by the Parties, all eligibility and settlement award determinations shall be based solely on Defendants' employment records.

43.  **FLSA Class Members:** Within fourteen (14) calendar days of receipt by the Claims Administrator of the Database, the Claims Administrator will mail to all members of the FLSA Class, via First-Class United States Mail, the Court-approved Collective Notice and Consent Form. The Collective Notice shall inform the eligible FLSA Class Members of their eligibility to participate in the Settlement. Prior to the mailing, the Claims Administrator shall run the addresses through the U.S. Postal Service's National Change of Address database and update the Database as necessary.

44.  **Rule 23 Class Members:** Within fourteen (14) calendar days of receipt by the Claims Administrator of the Database, the Claims Administrator will mail to all members of the Rule 23 Class, via First-Class United States Mail, the Court-approved Class Notice and Claim Form. The Class Notice shall inform the Rule 23 Class Members that, unless they follow the procedures for opting out (described in Paragraph 54 below), they will be deemed to have accepted the settlement and the terms of this Settlement Agreement. The Class Notice shall also inform Rule 23 Class Members that by completing and timely submitting a Claim Form, they will be consenting to join in the Lawsuit and release all claims under the FLSA, as described in Paragraph 66 below. Prior to the mailing, the Claims Administrator shall run the addresses through the U.S. Postal Service's National Change of Address database and update the Database as necessary.

45.  With respect to those Plaintiff Class Members whose envelope containing the Class Notice is returned to the Claims Administrator as undeliverable, the Claims Administrator shall promptly attempt to obtain a valid mailing address by use of one or more skip trace databases such as the Equifax, NCOA ("National Change of Address") database search, and skip trace. If another address is identified, the Claims Administrator shall immediately thereafter send the Class Notice to the new address.

46.  In addition, no later than thirteen (13) calendar days following the receipt of the Database from Defendants, the Claims Administrator shall create and institute a dedicated website. The dedicated website shall include: (a) a brief welcome page approved by the Parties; (b) the Class Notice(s); (c) the Illinois Rule 23 Claim Form; (d) the FLSA Claim Form; (e) contact information for Class Counsel; (f) contact information for the Claims Administrator; and (g) all applicable deadlines. The dedicated website shall be taken down within seven (7) calendar days following the Claim Deadline.

47.  Class Counsel shall provide the Court, at least fourteen (14) calendar days prior to the final approval hearing, a declaration by the Claims Administrator of due diligence and proof of mailing with regard to the mailing of the Class Notice.

## CLAIMS PROCESS

48.  Plaintiff Class Members must comply with the following procedures to share in disbursements from the Net Settlement Fund.

49. **For FLSA Class Members:** The Consent Form must be signed by the individual and returned to the Claims Administrator as indicated on the Collective Notice and Consent Form no later than (60) days after the date the Claims Administrator first mails the Collective Notice and Consent Form to the FLSA Class Members ("Consent Deadline"). The date of submission of a Claim Form to the Claims Administrator is deemed to be the earlier of: (a) the date the Claim Form is deposited in the U.S. Mail, postage pre-paid, as evidenced by the postmark; (b) the date the Claim Form is tendered to an overnight service for delivery, as indicated by a shipping envelope; or (c) the date the Claim Form is received by the Claims Administrator. If an FLSA Class Member does not submit a properly completed Consent Form on or before the Consent Deadline, the FLSA Class Member's Individual Settlement Share that otherwise would have been payable to said FLSA Class Member if a properly completed Consent Form had been timely submitted by the FLSA Class Member shall be retained by Defendants. Potential FLSA Class Members who do not submit valid consent forms do not release any claims against the Defendants except for those FLSA Class Members who are also Rule 23 Class Members.

50. **For Rule 23 Class Members:** The Claim Form must be signed by the individual and returned to the Claims Administrator as indicated on the Class Notice no later than 60 days after the date the Claims Administrator first mails the Class Notice and Claim Form to the Rule 23 Class Members (the "Claim Deadline"). The Claim Form will include a written consent to join the Lawsuit and release FLSA claims. The date of submission of a Claim Form to the Claims Administrator is deemed to be the earlier of: (a) the date the Claim Form is deposited in the U.S. Mail, postage pre-paid, as evidenced by the postmark; (b) the date the Claim Form is tendered to an overnight service for delivery, as indicated by a shipping envelope; or (c) the date the Claim Form is received by the Claims Administrator. Absent a showing of good cause or by agreement of the Parties, or as otherwise ordered by the Court, no Claim Form will be honored if postmarked after the Claim Deadline. If a Rule 23 Class Member does not submit a properly completed Claim Form on or before the Claim Deadline, the Rule 23 Class Member's Individual Settlement Share that otherwise would have been payable to said Rule 23 Class Member if a properly completed Claim Form had been timely submitted by the Rule 23 Class Member shall be distributed as follows: 50% retained by Defendants and 50% redistributed on a pro rata basis to the Rule 23 Class Members who have timely submitted Claim Forms by the Claim Deadline.

51. In the event a Consent Form or Claim Form is submitted timely but is deficient in one or more aspects, the Claims Administrator will return the Consent Form or Claim Form to the class member with a letter explaining the deficiencies and stating that the class member will have (21) calendar days from the date of the deficiency notice to correct the deficiencies and resubmit the Consent Form or Claim Form. The resubmitted Consent Form or Claim Form must be submitted within (21) calendar days of the date of the deficiency notice to be considered timely unless there is a showing of good cause for additional time. No Plaintiff Class Member will be provided a second notice of deficiency.

52. The Claims Administrator will review the Consent Forms and Claim Forms and make any calculations of payments to be distributed as described above by reviewing the Consent Forms and Claim Forms and documentation provided by Defendants. The Claims Administrator will certify jointly to Class Counsel and Defendants' Counsel what claims were timely filed.

53.     Upon completion of its calculation of payments, the Claims Administrator will provide Class Counsel and Defendants' counsel with a report listing the amount of all payments to be made to each Settlement Class Member. After receiving the Claims Administrator's report, Class Counsel and Defendants' Counsel shall jointly review the same to determine if the calculation of payments to class members is consistent with this Settlement.

## OBJECTIONS AND REQUESTS FOR EXCLUSION FOR RULE 23 CLASS MEMBERS

54.     Rule 23 Class Members may exclude themselves from the Settlement Agreement by mailing to the Claims Administrator a request for exclusion, which expresses their desire to be excluded from the Settlement Class, including their name (and former names, if any), current address, telephone number, and social security number. Any such request for exclusion must be postmarked not more than (60) calendar days after the date the Class Notice is initially mailed to the Plaintiff Class Members. Requests to opt out of the settlement that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void, and ineffective. Persons who are eligible to and do submit valid and timely requests to opt out of the settlement will not participate in the settlement, nor will they be bound by the terms of the Settlement Agreement, if it is approved, or the final Judgment in the Lawsuit. If a member of the Plaintiff Class submits both a Claim Form and a request for exclusion, the request for exclusion will be deemed invalid and the member's Claim Form and release will be valid.

55.     Rule 23 Class Members may object to the settlement by filing an objection with the clerk of the Court (and serve it on the Claims Administrator and all counsel identified in the notice) no later than (60) calendar days after the date the Class Notice is initially mailed to the Plaintiff Class Members. Any Rule 23 Class Member who fails to timely file such a written statement of his or her intention to object, or who requests to exclude themselves from the settlement, shall be foreclosed from making any objection to this settlement, unless otherwise ordered by the Court.

56.     Counsel for the Parties shall file any response to any objections to the settlement submitted by any Rule 23 Class Member at least fourteen court days before the date of the final approval hearing, or as otherwise ordered by the Court.

## DISPUTE PROCESS

57.     The Claim Form will apprise each Rule 23 Class Member and the Consent Form will apprise each FLSA Class Member of their number of Eligible Workweeks and their estimated Individual Settlement Share, assuming that all Class Members submit a Claim Form or Consent Form, as appropriate. These calculations shall be based on Defendants' records, as described above in Paragraph 37.

58.     If a Class Member does not wish to challenge the information set forth in the Claim Form or Consent Form, then the member need do nothing except submit the Claim Form or Consent Form in a timely fashion, as directed in the Class Notice or Collective Notice, and payment will be made pursuant to this Settlement Agreement based on Defendants' records.

59.     If a Class Member wishes to challenge the information set forth in the Claim Form or Consent Form, then the member must submit with their Claim Form or Consent Form a

written, signed challenge under penalty of perjury, along with any supporting documents to the Claims Administrator at the address provided on the Claim Form or Consent Form within (60) days of the date the Claim Form or Consent Form was originally mailed to the Class Member. No dispute will be timely if submitted more than (60) calendar days after the date the Claim Form or Consent Form was originally mailed to the Class Member. Counsel for the Parties may stipulate to a compromise or stipulate to allow the Claims Administrator to resolve the challenge and make a final and binding determination without hearing or right of appeal. Thereafter, the Claims Administrator shall inform the member whether his or her dispute was resolved in his or her favor within ten (10) days after the challenge is made. In the case of a dispute, the Class Member shall have the burden of proof to show that Defendants' records are incorrect. If any other dispute arises with regard to the propriety of a Claim Form, counsel for the Parties may stipulate to a compromise or stipulate to allow the Claims Administrator to resolve the dispute and make a final and binding determination without hearing or right of appeal. Engaging in the dispute process set forth in this paragraph does not extend the time to opt out of the class.

## FUNDING OF SETTLEMENT AND DISBURSEMENTS

60.     Funding of Qualified Settlement Fund. Within (15) calendar days after the Effective Date, Defendants shall wire money to the Claims Administrator for deposit into the Qualified Settlement Fund in an amount equal to the total of all Individual Settlement Awards for which Class Members have submitted Claim Forms or Consent Forms (including 50% of any unclaimed funds for the Illinois Rule 23 Class to be redistributed on a *pro rata* basis to the Rule 23 Class Members who have timely submitted claim forms as set forth above in paragraph 50), court-ordered Attorneys' Fees and Costs, court-ordered enhancement payments to the Class Representatives, and the employer's share of payroll taxes attributable to the Individual Settlement Awards for which Class Members have submitted Claim Forms or Consent Forms.

61.     Disbursement of Settlement Awards, Attorneys' Fees and Costs, and Enhancements. No later than ten (10) calendar days after Defendants have wired the amount described in Paragraph 60 into the Qualified Settlement Fund, the Claims Administrator shall issue and mail the checks representing the Individual Settlement Shares to the Settlement Class Members, as well as disburse any court-approved attorney's fees and costs, Claims Administration Charges, and court-approved enhancement payments. The mailing of Individual Settlement Shares shall be by first-class United States mail to the last known mailing address of each Settlement Class Member. Class Counsel shall be paid wire transfer per the written instructions provided by Class Counsel to the Claims Administrator. The mailing of any enhancement payments shall be by first-class United States mail to Class Counsel.

62.     The Claims Administrator shall make the required payments as set forth in the Court's Final Order and Judgment. The Claims Administrator must keep counsel for the Parties apprised of all distributions of Individual Settlement Shares and, upon completion of the mailing of the Individual Settlement Shares, the Claims Administrator shall promptly provide a written report to counsel for the Parties showing all payments made to Settlement Class Members, tax authorities, Plaintiffs, Class Counsel, and the Claims Administrator.

63.     Checks to the Settlement Class Members shall remain valid and negotiable for 90 days from the date of their issuance and may thereafter automatically be canceled if not cashed

within that time period. The Claims Administrator shall provide a list of any settlement checks that are not cashed/negotiated ("Uncashed Checks") to counsel for the Parties at the conclusion of the 90-day period. Within 10 days of the expiration of the 90-day period, the Claims Administrator shall transfer any funds from Uncashed Checks as follows:

    a. For any Uncashed Checks to the Rule 23 Class Members, the Claims Administrator shall transfer any funds to the State of Illinois Unclaimed Property Fund for the benefit of the Rule 23 Class Member(s).

    b. For any Uncashed Checks to the FLSA Class Members, the funds shall revert to Defendants.

64. Upon completion of the administration of the settlement under this Settlement Agreement, the Claims Administrator shall provide to Defendants' Counsel the following: (a) specimens of all form documents sent to Class Members, including the Class Notice, Claim Form and Consent Form; (b) copies of all non-privileged documents actually sent to the Class Members, including without limitation, those itemized in (a), *supra*; and (c) a register listing all Settlement Class Members and the payment made to each Settlement Class Member under this settlement. In addition, the Claims Administrator shall provide to Defendants a register of all Rule 23 Class Members who excluded themselves from the settlement.

## RELEASE OF CLAIMS

65. **Rule 23 Class Members:** Upon the final approval by the Court of this Settlement Agreement, and except as to such rights or claims as may be created by this Settlement Agreement, all Rule 23 Class Members who have not opted out of the settlement, regardless of whether that member submitted a timely claim, fully release and discharge Defendants and Defendants' present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, registered representatives, attorneys, insurers, successors and assigns ("Releasees"), from any and all individual and class claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged in the Lawsuit, including, but not limited to any claims under federal or state law that are alleged in the FAC, or could have been alleged based upon the facts alleged in FAC, i.e., that the Plaintiff Class Members were misclassified as exempt from overtime under Illinois law (the "Released Claims"). The Released Claims include, but are not necessarily limited to, any claim for violation of any federal, state, or local statute, rule, or regulation relating to the designation or treatment as exempt from overtime. This includes claims under Illinois state law for alleged failure to pay minimum or overtime wages and for any statutory or civil penalties under any statute, ordinance, or otherwise arising from or related to the classification as exempt from overtime. All Rule 23 Class Members who have not opted out of the settlement and who submit a timely Claim Form will, in addition to the Released Claims, fully release and discharge Defendants and all Releasees from any and all claims under the FLSA for alleged failure to pay minimum or overtime wages and for any statutory or civil penalties and liquidated damages arising from or related to the classification as exempt from the FLSA.

66. **FLSA Class Members:** Upon the final approval by the Court of this Settlement Agreement, and except as to such rights or claims as may be created by this Settlement Agreement, all FLSA Class Members who have timely opted in to the settlement will fully release and discharge Defendants and Defendants' present and former parent companies, subsidiaries, shareholders, officers, directors, employees, agents, registered representatives, attorneys, insurers, successors and assigns ("Releasees"), from any and all individual and class claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged in the Lawsuit, including, but not limited to any claims under federal or state law that are alleged in the FAC, or could have been alleged based upon the facts alleged in FAC, i.e., that the Plaintiff Class Members were misclassified as exempt from overtime (the "Released Claims"). The Released Claims include, but are not necessarily limited to, any claim for violation of any federal, state, or local statute, rule, or regulation relating to the designation or treatment as exempt from the FLSA. This includes claims under FLSA Class Members' respective governing state laws for alleged failure to pay minimum or overtime wages and for any statutory or civil penalties under any statute, ordinance, or otherwise arising from or related to the classification as exempt from overtime, exclusively for the same time period covering the FLSA Class Member's claims released under the FLSA.

67. The Parties stipulate that beyond the Gross Settlement Fund, Defendants shall not owe any further monies to the Class Representatives, Settlement Class Members, or to Class Counsel based upon the claims made and facts alleged in the Lawsuit.

68. It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge the Released Claims. Upon entry of an order granting final approval and judgment in the Action, Class Representatives and each and every Settlement Class Member shall be bound by the terms of this Settlement Agreement and shall have recourse exclusively to the benefits, rights, and remedies provided hereunder. Class Representatives and each and every Settlement Class Member shall be deemed to have, and by operation of the judgment and final approval order entered by the Court shall have fully, finally, and forever released, relinquished, and discharged each and all of the Released Parties from any and all Released Claims through the date of entry of Judgment in the Lawsuit.

69. Upon final approval by the Court of this Settlement Agreement, and for and in consideration of the payment of an enhancement payment to the Class Representatives for services performed on behalf of the Plaintiff Class Members, the Class Representatives, and their respective heirs, representatives, attorneys, administrators, executors, successors and assigns, fully release and discharge Releasees from any and all actions, causes of action, grievances, obligations, costs, expenses, damages, losses, claims, liabilities, suits, debts, demands, and benefits (including attorneys' fees and costs actually incurred), of whatever character, in law or in equity, known or unknown, suspected or unsuspected, matured or unmatured, of any kind or nature whatsoever, based on any act, omission, event, occurrence, or nonoccurrence from the beginning of time to the effective date of this Agreement, including but not limited to any claims or causes of action arising out of or in any way relating to the Class Representatives' employment relationship with Defendants or any Releasee. The Class Representatives agree that this release of claims includes, but is not limited to, claims for breach of any implied or express contract or covenant; claims for promissory estoppel; claims of entitlement to any pay; claims of

wrongful denial of insurance and employee benefits; claims for wrongful termination, public policy violations, defamation, invasion of privacy, emotional distress or other common law or tort matters; claims of harassment, retaliation, or discrimination under federal, state, or local law; claims based on any federal, state, or other governmental statute, regulation or ordinance, including, without limitation, the FLSA, Title VII of the Civil Rights Act, as amended, the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, the Americans with Disabilities Act, the Family and Medical Leave Act, the Illinois Human Rights Act, the IMWL, the Illinois Wage Payment and Collection Act, and the Employee Retirement Income Security Act.

70.     In addition to Class Representatives' full and general release, Class Representatives agree that they will not at any time in the future, seek, apply for, or accept employment with Defendants or any of their parent companies or subsidiaries.

## VOIDING THE SETTLEMENT AGREEMENT

71.  If the Court does not approve any material condition of this Settlement Agreement or effects a fundamental change of the Settlement Agreement, the entire Settlement Agreement will be voidable and unenforceable.  The Parties expressly agree that the Court's approval or denial of any request for attorneys' fees and costs or any enhancement payment to the Class Representatives are not material conditions to this agreement, and are to be considered by the Court separately from the fairness, reasonableness, adequacy, and good faith of the settlement.

72.     If 10% or more of the Rule 23 Class Members do not participate in this settlement by excluding themselves from the Rule 23 settlement or 90% or more of the FLSA Class Members do not participate in this settlement by failing to opt-in to the FLSA settlement, then Defendants may withdraw from and void this Settlement Agreement by providing notice to Class Counsel and to the Court within seven (7) calendar days after the Claims Administrator provides the parties with a list of all Rule 23 Class Members who have opted out of the settlement and FLSA Class Members who have failed to opt-in to the settlement.  The Parties agree not to encourage any Rule 23 Class Member to opt out of the settlement and any FLSA Class Member to not opt in to the settlement.

## MUTUAL FULL COOPERATION

73.     The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents as may reasonably be necessary to implement the terms of this Settlement Agreement.  The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement.  As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendants' Counsel, take all necessary steps to secure the Court's final approval of this Settlement Agreement.

## NO ADMISSION OF LIABILITY

74.     Each of the Parties has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant risk, inconvenience and expense. Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants. This Settlement Agreement is a settlement document and shall, pursuant to Illinois Rules of Evidence 408, and Federal Rule of Evidence 408, be inadmissible in evidence in any proceeding. The preceding sentence shall not apply to an action or proceeding to approve, interpret, or enforce this Settlement Agreement.

## CONSTRUCTION AND INTERPRETATION

75. The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Settlement Agreement

76.     Paragraph titles are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions. Each term of this Settlement Agreement is contractual and not merely a recital.

77.     This Agreement shall be subject to and governed by the laws of the State of Illinois and subject to the continuing jurisdiction of the United States District Court, Northern District of Illinois.

## MODIFICATION

78.     This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by counsel for the Parties, and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties.

## INTEGRATION CLAUSE

79.     This Settlement Agreement contains the entire agreement between the Parties relating to any and all matters addressed in the Settlement Agreement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, with respect to such matters are extinguished. No rights hereunder may be waived or modified except in a writing signed by all Parties.

## BINDING ON ASSIGNS

80.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

### EFFECT OF NOTICE

81.     It is agreed that it is impossible or impractical to have each member of the class execute this Settlement Agreement.  The Notice will advise all Settlement Class Members of the binding nature of the release and such shall have the same force and effect as if each member of the class executed this Settlement Agreement.

### EACH PARTY TO BEAR OWN COSTS

82.     Except as specifically provided herein, the Parties hereto will bear responsibility for their own attorneys' fees and costs, taxable or otherwise, incurred by them or arising out of this Lawsuit, and will not seek reimbursement thereof from any Party to this Settlement Agreement.

### CONFIDENTIALITY

83.     The Parties and their counsel agree that they will not issue any press releases or press statements, post any internet disclosures, have any communications with the press or media about this Settlement Agreement, or otherwise publicize the terms of this Settlement Agreement in any medium, including but not limited to internet blogs or chat rooms, Facebook, or a law firm website, prior to the entry by the Court of an order granting preliminary approval.  If counsel for either Party receives an inquiry about settlement from the media, counsel may respond only after the motion for preliminary approval has been filed and only by confirming the terms of the settlement.  Thereafter, Plaintiffs and their counsel agree not to issue press releases, hold any press conferences, or otherwise actively publicize the settlement (except on Class Counsel's public website through webpages and links intended to inform class members about the settlement and its terms, the Court's orders in the case, and to maximize participation in the settlement).  Notwithstanding the foregoing, the Parties shall have the right to disclose this Settlement Agreement as may be required under federal or state tax and/or securities laws or under generally accepted accounting principles, and may disclose in legal proceedings the terms of this Settlement Agreement.

### STAY OF PROCEEDINGS

84.     The Parties agree to stay all proceedings in the Lawsuit, except such proceedings as may be necessary to implement the Settlement Agreement, until the Effective Date or until the Settlement Agreement is voided or not approved.

85.     The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith.

DocuSign Envelope ID: EADB35A5-8117-45A0-AF36-24F427118DB1

## PARTIES' AUTHORITY

86.     The signatories represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties to its terms and conditions.

## COUNTERPARTS

87.     This Settlement Agreement may be executed in one or more counterparts and by facsimile or email.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves signed counterparts.

## IT IS SO STIPULATED AND AGREED:

### PLAINTIFFS/CLASS REPRESENTATIVES AND CLASS COUNSEL

Dated:  3/21/2016

Stephan Zouras, LLP

By: _____
Ryan F. Stephan, Esq.
James B. Zouras, Esq.
Catherine Mitchell, Esq.
Stephan Zouras, LLP
205 N. Michigan Ave., Ste. 2560
Chicago, Illinois 60602
Telephone:   (312) 233-1550
Facsimile:   (312) 698-4562
jzouras@stephanzouras.com
rstephan@stephanzouras.com
cmitchell@stephanzouras.com

Dated:  3/21/2016

Natalie Cook
Plaintiff/Class Representative

Dated:  3/17/2016

Michael Perez
Plaintiff/Class Representative

## DEFENDANTS AND COUNSEL FOR DEFENDANTS

Dated:                                          McGuireWoods LLP


                                                By:_____

                                                Michael D. Mandel, Esq.
                                                McGuireWoods LLP
                                                1800 Century Park East, 8th Floor
                                                Los Angeles, CA  90067
                                                Telephone:  (310) 315-8200
                                                Facsimile:  (310) 956.3113
                                                mmandel@mcguirewoods.com

                                                Brian E. Spang, Esq.
                                                McGuireWoods LLP
                                                77 West Wacker Drive, Suite 4100
                                                Chicago, Illinois  60601
                                                Telephone:  (312) 750-3532
                                                Facsimile:  (312) 698-4562
                                                bspang@mcguirewoods.com

                                                Attorneys for Defendants
                                                BANK OF AMERICA CORPORATION AND
                                                BANK OF AMERICA, N.A.


Dated:                                          BANK OF AMERICA, N.A.
                                                BANK OF AMERICA CORPORATION

                                                By:_____

                                                Title:_____